IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02125-PAB-NRN

JOHN PATRICK FLETCHER,
ZACHARIAH CLARK DOBLER,

    Plaintiffs,

v.

DEAN WILLIAM,
AUSTIN CHRESTENSEN,
SIMON DENWALT,
SANDRA BROWNLEE,
JEFFREY ROMACK,
BRITTNEY GODWIN,

    Defendants.

## ORDER

This matter is before the Court on Plaintiffs' Verified Motion for a Temporary Restraining Order and an Order to Show Cause for a Preliminary Injunction [Docket No. 26].[1] Plaintiffs seek an order enjoining defendant "Dean Williams, his successors in office, officers, agents, servants, employees, attorneys, and all other persons who are in active concert or participation with [d]efendant Dean Williams, from forcing any form of involuntary servitude or forced labor, or inflicting any form of adverse conditions of confinement for not providing service or labor, upon [p]laintiffs." Docket No. 26 at 1. Plaintiffs are prisoners at the Buena Vista Correctional Facility ("BVCF"), a state prison

---

[1] Plaintiffs' motion is styled as a motion for temporary restraining order; however, plaintiffs seek an order enjoining Dean Williams for an indefinite amount of time and seek an order for a preliminary injunction. A temporary restraining order is limited to less than 14 days. *See* Fed. R. Civ. P. 65(b)(2). The Court will construe plaintiffs' motion as one for a preliminary injunction.

in Buena Vista Colorado. *See* Docket No. 28 at 2. They allege violations of their rights under 18 U.S.C. § 1964 and 18 U.S.C. § 1595. *Id.* at 5, ¶ 1. Dean Williams is the Executive Director of the Colorado Department of Corrections ("CDOC"). Docket No. 26 at 9, ¶ 43.

## I. BACKGROUND

Plaintiffs allege that they are under threat of being confined in their cells continuously for up to fifteen days,[2] Docket No. 28 at 12, ¶ 61, for refusing to work. Docket No. 26 at 11, ¶ 62. Plaintiffs claim that the threat of confinement based on a failure to work is a violation of their rights under the Colorado Constitution, which forbids involuntary servitude and forced labor. *Id.* at 3, ¶ 8. Plaintiffs allege that confinement to their cells is an authorized sanction for failure to work under CDOC's Administrative Regulations. *Id.* at 11, ¶ 62. Plaintiffs' motion states that there are three permissible sanctions for failure to work. *Id.* at 7, ¶ 35. One is a housing restriction sanction, which can take the form of confinement to a cell or other designated areas of the prison for up to fifteen days. *Id*. The other two options involve a loss of up to thirty days of good time or a loss of privileges. *Id*.

In response to plaintiffs' motion, defendant Dean Williams provides a declaration from Austin Chrestensen, a case manager at BVCF. Docket No. 34-1 at 1, ¶ 2. Mr. Chrestensen states that sanctions for refusing to work are discretionary and that at BVCF the housing restriction sanction is not used. *Id.* at 4, ¶ 19. Plaintiffs do not dispute that BVCF does not use a housing restriction sanction.

---

[2] Plaintiffs do not explain what this mean, for example, how many hours per day they would allegedly be confined as opposed to inmates who do perform work.

## II. LEGAL STANDARD

A preliminary injunction is not meant to "remedy past harm but to protect plaintiffs from irreparable injury that will surely result without [its] issuance" and "preserve the relative positions of the parties until a trial on the merits can be held." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258, 1267 (10th Cir. 2005); *see also Hale v. Ashcroft*, 683 F. Supp. 2d 1189, 1197 (D. Colo. 2009) ("injunctive relief can only be obtained for current or prospective injury and cannot be conditioned on a past injury that has already been remedied"). "[C]ourts generally will refuse to grant injunctive relief unless plaintiff demonstrates that there is no adequate legal remedy." Charles Alan Wright, et al., 11A *Fed. Prac. & Proc. Civ.* § 2944 (3rd ed. April 2021).

To obtain a preliminary injunction, a plaintiff must demonstrate four factors by a preponderance of the evidence: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009).

## III. ANALYSIS

### A. Hearing

Federal Rule of Civil Procedure 65(a) does not explicitly require a hearing before a court may rule on a motion for preliminary injunction. Fed. R. Civ. P. 65(a). Additionally, the Tenth Circuit does not require a court to hold such a hearing where one is unnecessary. *See Carbajal v. Warner*, 561 F. App'x 759, 764 (10th Cir. 2014) (unpublished) ("[Plaintiff] fails to show any error in the district court's denial of injunctive relief, and he asserts no independent ground for why a hearing was appropriate."); *Reynolds and Reynolds Co. v. Eaves*, 149 F.3d 1191, 1998 WL 339465, at *3 (10th Cir. 1998) (unpublished table decision) ("[Plaintiff] has failed to cite any Tenth Circuit authority that requires a district court to hold an evidentiary hearing prior to granting or denying a preliminary injunction motion ... [and] we do not instruct the district court to hold an evidentiary hearing prior to disposition of [plaintiff's] motion, although the district court is free to do so within its own discretion." (citation omitted)).

District courts in the Tenth Circuit have declined to hold evidentiary hearings when there are no disputed material facts or where a plaintiff cannot supply sufficient evidence to justify granting the preliminary injunction. *See Fenzi v. City of Las Vegas*, 2016 WL 10587987, at *1 (D.N.M. Mar. 16, 2016); *Park v. Zavaras*, No. 08-cv-00737-MSK-KLM, 2010 WL 6389329, at *1 (D. Colo. Apr. 19, 2010).

Defendants do not dispute the facts raised in plaintiffs' motion and plaintiffs did not file a response disputing that BVCF does not use a housing sanction.

4

### B. Irreparable Harm

The Tenth Circuit has held that, "because a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (quoting *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir.1990)). Plaintiffs claim that they will face irreparable harm if their motion is not granted given that plaintiffs are "under direct and imminent threat of physical restraint" based on their "failure to perform involuntary servitude." Docket No. 26 at 11.

Defendant argues that plaintiffs cannot demonstrate serious or substantial harm and cannot demonstrate that the alleged harm is imminent. Docket No. 34 at 4-9. The Court agrees with defendant that plaintiffs have failed to show irreparable harm.

Plaintiffs' motion fails to demonstrate or identify any harm that is "certain, great, actual and not theoretical." *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quotation omitted). While plaintiffs state they face the threat of physical restraint through confinement to their cells, Docket No. 26 at 11, they do not point to any evidence that "the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Heideman*, 348 F.3d at 1189 (quotation omitted). Plaintiffs do not suggest that a fifteen day confinement has ever occurred or dispute that it would not occur at BVCF as a

5

consequence of failure to work.  As a result, plaintiffs have not demonstrated that the harm is more than merely speculative.  *Id.* at 1189.

Because plaintiffs have not shown a irreparable harm, they have failed to demonstrate a clear and unequivocal right to relief.  The Court will therefore deny plaintiffs' motion for a preliminary injunction without addressing the remaining preliminary injunction factors.  *See Vill. of Logan v. Dep't of Interior*, 577 F. App'x 760, 766 (10th Cir. 2014) (unpublished) (noting that party's "failure to prove any one of the four preliminary injunction factors renders its request for injunctive relief unwarranted"); *Sierra Club, Inc. v. Bostick*, 539 F. App'x 885, 888 (10th Cir. 2013) (unpublished) (stating that "[a] party seeking a preliminary injunction must prove that all four of the equitable factors weigh in its favor").

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiffs' Verified Motion for a Temporary Restraining Order and an Order to Show Cause for a Preliminary Injunction [Docket No. 26] is **DENIED**.

DATED March 28, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge