IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-02125-PAB-NRN

JOHN PATRICK FLETCHER, and
ZACHARIAH CLARK DOBLER,

      Plaintiffs,

v.

DEAN WILLIAMS,
AUSTIN CHRESTENSEN,
SIMON DENWALT,
SANDRA BROWNLEE,
JEFFREY ROMACK, and
BRITNEY GODWIN,

      Defendants.

---

**ORDER**

---

      This matter is before the Court on the Report and Recommendation on Plaintiff's

Verified Motion for Summary Judgment as to Claim One Against Defendant Dean

Williams (Dkt. #46) and Defendants' Motion to Dismiss Verified Amended Complaint

Under Fed. R. Civ. P. 8(a) and 12(b)(6) (Dkt. 73) [Docket No. 99].  Mr. Fletcher objected

to the recommendation,[1] Docket Nos. 103, 106,[2] and defendants responded.  Docket

---

[1] Mr. Fletcher states he files his objections "on behalf of Plaintiffs John Patrick Fletcher and Zachariah Clark Dobler," but the objections are only signed by Mr. Fletcher.  Docket No. 103 at 15.  Mr. Fletcher does not represent Mr. Dobler and may not file objections on his behalf.  Having received no objections from Mr. Dobler, the Court reviews the recommendation as it applies to him for clear error, *see* Fed. R. Civ. P. 72(b), Advisory Committee Notes, and, finding none, accepts the recommendation as to him.

[2] Mr. Fletcher filed six objections in one filing, Docket No. 103, and a seventh objection in a separate filing.  Docket No. 106.

No. 108.  The Court has reviewed this non-objected to portion of the recommendation and finds no clear error.  *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes.

## I.  BACKGROUND

Plaintiffs John Patrick Fletcher and Zachariah Clark Dobler, who are inmates in the Colorado Department of Corrections ("CDOC"),[3] bring suit against Dean Williams, the CDOC's Executive Director, and five CDOC case managers, defendants Austin Chrestensen, Simon Denwalt, Sandra Brownlee, Jeffrey Romack, and Brittney Godwin ("Case Managers"), alleging a violation of plaintiffs' federal right to be free from involuntary servitude.  Docket No. 28 at 3-5.  Plaintiffs argue that defendants are coercing them into involuntary servitude within the prison.  *Id.* at 5.

Plaintiffs assert thirteen federal statutory claims against defendants in their individual capacities.  *See id.* at 13-23.  These claims include violations of various provisions of the Trafficking Victims Protection Act ("TVPA") (specifically, 18 U.S.C. § 1584 & 1589) and the Racketeer Influenced and Corrupt Organizations Act ("RICO") (specifically, 18 U.S.C. §§ 1962(a)-(b)).  *Id.*

On February 14, 2022, plaintiffs moved for summary judgment on their TVPA claim against Williams.  Docket No. 46.  On May 6, 2022, defendants filed a motion to dismiss all of plaintiffs' claims under Fed. R. Civ. P. 8 and Fed. R. Civ. P. 12(b)(6). Docket No. 73.  The Court referred both motions to Magistrate Judge N. Reid Neureiter. Docket Nos. 47, 75.

---

[3] At the time their Verified Amended Complaint, Docket No. 28, was filed, both plaintiffs were housed at the CDOC's Buena Vista Correctional Facility.  Docket No. 28 at 2.  Mr. Dobler has since been moved to CDOC's Limon Correctional Facility.  Docket No. 72 at 1.

The magistrate judge recommends that defendants' motion to dismiss be granted and that plaintiffs' motion for summary judgment be denied.  Docket No. 99 at 14.  The recommendation concludes that all of plaintiffs' claims should be dismissed based on plaintiffs' failure to: (a) allege defendants' personal participation with enough specificity under Fed. R. Civ. P. 8, (b) plausibly allege a violation of any of their statutorily recognized rights, (c) establish that defendants violated clearly established law, and (d) establish an element of their RICO claim.  *Id.* at 3-14.

The Thirteenth Amendment states, "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction."  U.S. Const. amend. XIII.  In 2018, the Colorado constitution was amended to state "[t]here shall never be in this state either slavery or involuntary servitude."  Colorado Const. art. II, § 26.  Previously this amendment read "[t]here shall never be in this state either slavery or involuntary servitude, except as a punishment for crime, whereof the party shall have been duly convicted."  Colo. Const. art. II, § 26 (amended December 18, 2018).  Plaintiffs' complaint alleges that this amendment to the Colorado constitution makes defendants conduct a violation of plaintiffs' federal statutory rights.  *See* Docket No. 28 at 5, 13, ¶¶ 1-6, 74, 81.  Mr. Fletcher argues that plaintiffs have been coerced into involuntary servitude as defined by the Colorado constitution and that this is a violation of plaintiffs' federal rights under the TVPA because that act protects violations of the Thirteenth Amendment and the Thirteenth Amendment does not allow for illegal punishments, which includes punishment in violation of the Colorado constitution.  Docket No. 103 at 4-5, ¶¶ 4-8.

## II.  LEGAL STANDARDS

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *Gordanier v. Montezuma Water Co.*, No. 08-cv-01849-PAB-MJW, 2010 WL 935665, at *1 (D. Colo. Mar. 11, 2010) ("Timely objections to magistrate judge recommendations are reviewed de novo pursuant to Rule 72(b), rather than under the clearly erroneous/contrary to law standard applied to magistrate judge orders by Rule 72(a).").  An objection is "proper" if it is both timely and specific.  *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *Id.*

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").  The Court therefore reviews the non-objected to portions of the recommendation to confirm that there is "no clear error on the face of the record."  Fed. R. Civ. P. 72(b), Advisory Committee Notes.  This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Federal Rule of Civil Procedure 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).

When reviewing a party's objection to a magistrate judge's order on a non-dispositive matter, the court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P.

72(a); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); *see Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519–20 (10th Cir. 1995) ("Even though a movant requests a sanction that would be dispositive, if the magistrate judge does not impose a dispositive sanction the order falls under Rule 72(a) rather than Rule 72(b).").

There is no dispute that plaintiffs' motion for summary judgment and defendants' motion to dismiss are dispositive.  The Court, therefore, reviews the magistrate judge's recommendation de novo.  *See Gordanier*, 2010 WL 935665, at *1.  The Court therefore reviews the non-objected to portions of the recommendation to confirm that there is "no clear error on the face of the record."  Fed. R. Civ. P. 72(b), Advisory Committee Notes; *Summers*, 927 F.2d at 1167; *Thomas*, 474 U.S. at 150.

## III.  ANALYSIS

The magistrate judge recommends granting the Defendants' Motion to Dismiss Verified Amended Complaint Under Fed. R. Civ. P. 8(a) and 12(b)(6) [Docket No. 73] and denying Plaintiffs' Verified Motion for Summary Judgment as to Claim One Against Defendant Dean Williams [Docket No. 46].  Docket No. 99 at 15.  Mr. Fletcher has filed seven objections.  *See* Docket Nos. 103, 106.  The objections are vague in that they do not clearly identify what portion of the recommendation they object to and provide no analysis explaining why the findings and conclusions in the recommendation are erroneous.  The Court will evaluate Mr. Fletcher's arguments to the extent that they are responsive to the recommendation and sufficiently developed for the Court to understand them.

A.  **Defendants' Motion to Dismiss**

Dismissal of a claim under Rule 12(b)(6) is appropriate where a party fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 8(a)'s "short and plain statement" mandate requires that a party allege enough factual matter that, taken as true, makes his "claim to relief . . . plausible on its face."  *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).  In doing so, a court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff."  *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

Generally, when reviewing the sufficiency of the complaint, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (ellipses omitted).  The "plausibility" standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible.  *Bryson*, 534 F.3d at 1286.

However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown –

that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (quotation marks and citation omitted).

### 1. Objection One

In his first objection, Mr. Fletcher argues that the recommendation erred in concluding that "the Thirteenth Amendment protects Defendants and precludes Plaintiffs' claims."  Docket No. 103 at 4.  Mr. Fletcher argues that the Thirteenth Amendment only allows an exception to the prohibition on involuntary servitude when the involuntary servitude is a legal punishment and that plaintiffs faced illegal punishment based on the Colorado constitution.  *Id.* at 4-5.

The recommendation concluded that the amended complaint fails to allege a violation of any of plaintiffs' federal rights.  Docket No. 99 at 10.  Specifically, the magistrate judge concluded that plaintiffs had not shown that federal law provides a remedy for an alleged violation of plaintiffs' rights under the Colorado constitution.  *Id.* at 11.

Mr. Fletcher's objection does not address the recommendation's conclusion that plaintiffs "cannot use a federal statute enacted to implement the federal Thirteenth Amendment to criminalize behavior the Amendment plainly permits—notwithstanding a change to the Colorado constitution."  Docket No. 99 at 11.  Mr. Fletcher assumes that federal law would encompass behavior that is made "illegal" based on the Colorado

constitution.  Docket No. 103 at 5, ¶ 8.  For example, Mr. Fletcher states that "the Federal Constitution and the Colorado Constitution agree: Defendants are forbidden from inflicting involuntary servitude upon Plaintiffs."  *Id.*  Mr. Fletcher fails to identify any error in the recommendation's conclusion that plaintiffs do not allege any actions that violate their federal rights, and the Court will overrule this objection.

### 2.  Objection 2

Mr. Fletcher argues that the recommendation erred in finding that defendants are entitled to qualified immunity because violating plaintiffs' rights was not within defendants' permissible discretion and there can be no qualified immunity where there is no discretion.  Docket No. 103 at 6, ¶¶ 9-11.  The recommendation concluded that defendants were entitled to qualified immunity on plaintiffs' claims because plaintiffs failed to sufficiently allege a violation of any federal constitutional or statutory right. Docket No. 99 at 14.

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Thus, to survive a motion to dismiss under Rule 12(b)(6) "where a qualified immunity defense is implicated, the plaintiff 'must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights.'"  *Hale v. Duvall*, 268 F. Supp. 3d 1161, 1164 (D. Colo. 2017) (quoting *Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1249 (10th Cir. 2008)).  When a defendant raises the defense of qualified immunity, a "plaintiff carries a two-part

burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." *T.D. v. Patton*, 868 F.3d 1209, 1220 (10th Cir. 2017) (internal quotation marks omitted).  Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case." *Pearson*, 555 U.S. at 236.

In order to overcome a defense of qualified immunity, plaintiffs must identify a violation of their federal constitutional or statutory rights.  For the reasons stated above, the Court finds no error in the recommendation's conclusion that plaintiffs fail to identify any violation of their federal constitutional or statutory rights.  As plaintiffs cannot establish a violation of their rights that is cognizable under federal law, Mr. Fletcher's argument that any violation was not in defendants' discretion is irrelevant.  The Court will overrule this objection.

### 3. Objection Three

In his third objection, Mr. Fletcher argues that the recommendation mischaracterizes plaintiffs' claims as a "challenge to the CDOC's work program," whereas plaintiffs base their claims on the "threat of physical restraint" being used to intimidate plaintiffs into performing servitude.  Docket No. 103 at 7-8, ¶¶ 12-17 (quotations omitted).  Even if the recommendation mischaracterizes the complaint, Mr. Fletcher does not establish that this mischaracterization results in any error in the recommendation's analysis.  *Id.*  The recommendation observes that plaintiffs' reading of the Colorado constitution as prohibiting any uncompensated work in prisons is

inconsistent with Colo. Rev. Stat. § 17-20-115, which states that Colorado requires participation in work programs in state correctional facilities, Docket No. 99 at 11, and, in any event, does not implicate § 1584, which "encompasses those cases in which the defendant holds the victim in servitude by placing the victim in fear of such physical restraint or injury or legal coercion."  *United States v. Kozminski*, 487 U.S. 931, 952 (1988).  Mr. Fletcher does not show any error in this analysis.  The Court will overrule the objection.

### 4.  Objection Four

Mr. Fletcher argues the recommendation held "Plaintiffs to a higher standard than either statute or precedent requires."  Docket No. 103 at 9, ¶ 17.  Mr. Fletcher does not explain how the recommendation held plaintiffs to the wrong standard or even what standard he is referring to.  Although his objection cite the elements of §§ 1589 and 1584, *id.* at 10, ¶¶ 20-21, Mr. Fletcher does not indicate that the recommendation misapplied the elements or misinterpreted the elements.  As a result, Mr. Fletcher fails to articulate an objection that the Court can respond to.  The Court will therefore overrule this objection.

### 5.  Objection Five

Mr. Fletcher objects to the recommendation on the basis that it concluded that "Plaintiff[s] did not allege facts to support a causal nexus between Defendants and their criminal conduct."  *Id.* at 12, ¶ 23.  Mr. Fletcher cites to pages nine and ten of the recommendation, where the court found that plaintiffs' allegations of injuries "are not linked in any way to the affirmative acts of any of the named Defendants," Docket No. 99 at 9, and where the court found that plaintiffs failed to allege that Mr. Williams had

any personal involvement in any specific incident of alleged involuntary servitude.  *Id.* at

10.  Mr. Fletcher argues that plaintiffs did, in fact, allege the personal participation of

each defendant.  Docket No. 103 at 12-13, ¶¶ 25-27.  Mr. Fletcher argues that the Case

Managers acted by "cast[ing] their votes to assign prisoners . . . to perform involuntary

servitude and forced labor."  Docket No. 28 at 9, ¶ 38; Docket No. 103 at 13, ¶ 27.

The recommendation concluded that plaintiffs' allegations concerning the Case

Managers' votes to assign plaintiffs and other prisoners to involuntary servitude were

conclusory and implausible, Docket No. 99 at 8, not that they failed to allege a nexus.

As a result, this objection is overruled.

The recommendation found that "[p]laintiffs do not allege that Mr. Williams was

*personally* involved in any specific instances of involuntary servitude," as opposed to

him being responsible for CDOC's Administrative Regulations that authorize sanctions

for an inmate's failure to work.  *Id.* at 9-10.  In response, Mr. Fletcher claims that "[h]ad

Defendant Williams not personally authorized AR 150-01 . . . then Plaintiffs would not

have been under threat of coercion."  Docket No. 103 at 13, ¶ 26.  However, "but for"

causation in this regard cannot substitute for Mr. Williams' "own culpable involvement,"

*Serna v. Colorado Department of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006), in

the instances of plaintiffs' alleged involuntary servitude, which plaintiffs have not

alleged.  Thus, this objection is overruled.

### 6.  *Objection Six*

Next, Mr. Fletcher objects to the recommendation's finding that plaintiffs'

allegations were "conclusory and threadbare."  Docket No. 103 at 14, ¶¶ 28-31.  Mr.

Fletcher argues that plaintiffs' use of adjectives does not make their allegations

conclusory and that "if the Court were to simply strike out the adjectives so used" the remaining portions of the complaint contain specific facts supporting plaintiffs' allegations. *Id.*, ¶¶ 30-31.

As discussed above, the recommendation identified several allegations as conclusory. Docket No. 99 at 8-10. For example, the recommendation observed that the allegations against the Case Managers were conclusory and lacking in supporting facts to link plaintiffs' injuries to any affirmative acts by these defendants. *Id.* at 8-9. Regarding Williams, the recommendation concludes that plaintiffs only provide conclusory allegations to establish his personal participation in the violation of any of plaintiffs' rights. *Id.* at 9-10. The recommendation also observed that, regarding the alleged "involuntary servitude" plaintiffs were required to perform, the amended complaint fails to identify what jobs or work plaintiffs were required to perform and fails to link the injuries plaintiffs received to specific tasks plaintiffs were coerced into performing. *Id.* at 8-9.

Mr. Fletcher's objection is not sufficiently detailed to "enable[ ] the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *One Parcel of Real Property*, 73 F.3d at 1059 (citation omitted). The objection is overruled.

### 7. *Objection Seven*

Mr. Fletcher objects to the "recommendation's finding that 'Plaintiffs cannot maintain a TVPA claim.'" Docket No. 106 at 2, ¶ 1 (quoting Docket No. 99 at 14). Mr. Fletcher argues that plaintiffs need only allege that "the victim is forced to work for the defendant by the . . . threatened use of . . . legal coercion" in order to show he or she

faced involuntary servitude.  *Id.*, ¶ 2 (citing *Kozminski*, 487 U.S. at 952-953).  Mr. Fletcher's objection misunderstands the recommendation.  He interprets the recommendation to be based on plaintiffs only alleging a threat of coercion.

The recommendation, however, found that a loss of privileges does not constitute coercion under § 1584 and that plaintiffs only allege a threatened loss of privileges. Docket No. 99 at 12.  Additionally, the recommendation observes that *Kozminski* found § 1584 uses the same definition of involuntary servitude that the Thirteenth Amendment uses, which exempts legal punishment for a crime.  *Id.* at 10-11.  The recommendation observed that plaintiffs do not allege "the abuse or threatened abuse of law or legal process within the meaning of 18 U.S.C. § 1589."  *Id.* at 13 (quotations omitted).  The work plaintiffs are required to do furthers CDOC's statutory requirement to promulgate a work program in Colorado state correctional facilities.  *Id.*  The recommendation did not rule that a threat of coercion was not sufficient under §§ 1584 or 1589; the recommendation opined that a threatened loss of privileges, that fulfills a statutorily promulgated program, cannot constitute coercion.  *See id.* at 10-13.  In other words, even if defendants took the action plaintiffs allege that they threaten, plaintiffs have not alleged they would be coerced.

Mr. Fletcher's objection does not address the recommendation's conclusion that the loss of privileges cannot constitute coercion and does not argue that plaintiffs faced more consequences than a loss of privileges.  *See* Docket No. 106 at 3, ¶ 4.  The Court finds no error in the magistrate judge's recommendation, and the Court will overrule Mr. Fletcher's objection.

B.  **Plaintiffs' Motion for Summary Judgment**

The magistrate judge recommends denying plaintiffs' motion for summary judgment as moot based on the recommendation that all of plaintiffs' claims be dismissed.  Docket No. 99 at 15.  Mr. Fletcher does not object to this portion of the recommendation, *see* Docket Nos. 103, 106, and the Court agrees that plaintiffs' claims should be dismissed for the reasons above.  The Court finds no error in this portion of the recommendation.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Report and Recommendation on Plaintiff[s'] Verified Motion for Summary Judgment as to Claim One Against Defendant Dean Williams (Dkt. #46) and Defendants' Motion to Dismiss Verified Amended Complaint Under Fed. R. Civ. P. 8(a) and 12(b)(6) (Dkt. 73) [Docket No. 99] is **ACCEPTED**.  It is further

**ORDERED** that Plaintiffs' Objection to Magistrate's Report and Recommendation [Docket No. 103] and Plaintiffs' Objection VII to Magistrate Judge's Report and Recommendation [ECF No. 99] [Docket No. 106] are **OVERRULED**.  It is further

**ORDERED** that Defendants' Motion to Dismiss Verified Amended Complaint [ECF No. 28] Under Fed. R. Civ. P. 8(a) and 12(b)(6) [Docket No. 73] is **GRANTED**.  It is further

**ORDERED** that Plaintiffs' Verified Motion for Summary Judgment as to Claim One against Defendant Dean Williams [Docker No. 46] is **DENIED as moot**.

**ORDERED** that all of plaintiffs' claims are **DISMISSED with prejudice**.  It is further

**ORDERED** that this case is closed.


DATED September 30, 2022.


                                        BY THE COURT:


                                        _____
                                        PHILIP A. BRIMMER
                                        Chief United States District Judge