IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-02125-PAB-NRN

JOHN PATRICK FLETCHER, and
ZACHARIAH CLARK DOBLER,

    Plaintiffs,

v.

DEAN WILLIAMS,
AUSTIN CHRESTENSEN,
SIMON DENWALT,
SANDRA BROWNLEE,
JEFFREY ROMACK, and
BRITTNEY GODWIN,

    Defendants.

## ORDER

This matter is before the Court on Plaintiffs' Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(6) [Docket No. 116].[1] Mr. Fletcher requests that the Court "compare the facts Plaintiffs alleged in their Complaint . . . to the elements of the claims Plaintiffs asserted in their Complaint, and opine on whether the facts alleged support the elements of the claims asserted." Docket No. 116 at 7. Defendants filed a response opposing Fletcher's motion. Docket No. 118.

---

[1] Mr. Fletcher states he files his motion "on behalf of Plaintiffs John Patrick Fletcher and Zachariah Clark Dobler," but his motion is only signed by Mr. Fletcher. Docket No. 116 at 7. As the Court previously stated, Docket No. 109 at 1 n.1, Mr. Fletcher does not represent Mr. Dobler and may not file objections on his behalf.

I. BACKGROUND

Plaintiffs John Patrick Fletcher and Zachariah Clark Dobler, who are inmates in the Colorado Department of Corrections ("CDOC"), brought suit against Dean Williams, the CDOC's Executive Director, and five CDOC case managers, defendants Austin Chrestensen, Simon Denwalt, Sandra Brownlee, Jeffrey Romack, and Brittney Godwin ("Case Managers"), alleging a violation of plaintiffs' federal right to be free from involuntary servitude.  Docket No. 28 at 3-5.  Plaintiffs argued that defendants are coercing them into involuntary servitude within the prison.  *Id.* at 5.

Plaintiffs asserted thirteen federal statutory claims against defendants in their individual capacities.  *See id.* at 13-23.  These claims included violations of various provisions of the Trafficking Victims Protection Act (specifically, 18 U.S.C. §§ 1584 & 1589) and the Racketeer Influenced and Corrupt Organizations Act (specifically, 18 U.S.C. §§ 1962(a)-(b)).  *Id.*

On May 6, 2022, defendants filed a motion to dismiss all of plaintiffs' claims under Fed. R. Civ. P. 8 and Fed. R. Civ. P. 12(b)(6).  Docket No. 73.  Magistrate Judge N. Reid Neureiter recommended that defendants' motion to dismiss be granted and that plaintiffs' motion for summary judgment be denied.  Docket No. 99 at 15.  Over Fletcher's objections, Docket Nos. 103, 106, the Court accepted the magistrate judge's recommendation, granted defendants' motion, and dismissed plaintiffs' claims.  Docket No. 109 at 14.

Final Judgment was entered in this case on September 30, 2022.  Docket No. 110.  Plaintiff Fletcher filed his motion for relief from judgment on October 31, 2022.  Docket No. 116.

## II.  LEGAL STANDARDS

Rule 60(b) states that a court may relieve a party from a final judgment under certain limited circumstances.  Fed. R. Civ. P. 60(b).  Rule 60(b) relief is "extraordinary and may only be granted in exceptional circumstances." *The Servants of the Paraclete v. John Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).

Under Rule 60(b)(6), a court may relieve a party or its legal representative from a final judgment for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  Rule 60(b)(6) has been described as a "grand reservoir of equitable power to do justice in a particular case." *Pierce v. Cook & Co., Inc.*, 518 F.2d 720, 722 (10th Cir. 1975) (en banc) (citation omitted).  Relief under Rule 60(b)(6) is appropriate when circumstances are so "unusual or compelling" that extraordinary relief is warranted or when it "offends justice" to deny such relief. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996).  Courts have granted relief under Rule 60(b)(6) "when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable," where a party is indigent, or when it offends justice to deny such relief. *Id.* at 579.

## III.  ANALYSIS

Outside of a citation to Rule 60 in the title of Fletcher's motion, Docket No. 116 at 1, Fletcher does not provide any specific reasons why relief is warranted under Rule 60. Fletcher's request that the Court reexamine the sufficiency of the complaint is not an appropriate request under Rule 60.  Rule 60 motions are "not available to allow a party merely to reargue an issue previously addressed by the court when the reargument

3

merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." *Cashner*, 98 F.3d at 577.

First, Fletcher claims the Court misapprehended the legal theory of his case. Docket No. 116 at 2, ¶ 2. Fletcher argues that the Court "misconstrued this action as being a civil rights action between state prison employees and a prisoner, instead of actually being between private citizens, operating in their private capacities" and identifies the portion of the Court's order that found defendants were entitled to qualified immunity. *Id.*, ¶ 6. In its order, the Court repeatedly stated that plaintiffs failed to identify a federal statutory right that defendants' actions violated. Docket No. 109 at 6-9. This same deficiency exists in Fletcher's Rule 60 motion, which fails to explain why the Court's qualified immunity ruling does not apply to defendants acting as "private citizens." Docket No. 116 at 2, ¶¶ 3-6.

Fletcher argues that defendants could not have been acting under color of law and been entitled to qualified immunity because the Colorado Constitution prohibits defendants from requiring involuntary servitude. *Id.* at 2. Fletcher seeks to categorize defendants as private citizens "operating in their private capacities," not because they acted outside of their roles as government employees, but because he alleges they acted unlawfully. *Id*. Qualified immunity covers government employees who are performing the traditional tasks of their positions, not government employees who are acting lawfully. Fletcher attempts to make government employees private citizens simply by labeling them as such. The Court finds that Fletcher does not show any error or misapprehension by the Court and finds that he does not identify any unusual or compelling circumstances warranting extraordinary relief.

Second, Fletcher requests that the Court consider that harm under 28 U.S.C. § 1589 "included any harm, whether physical or nonphysical, including psychological, financial, or reputational harm," arguing that "Plaintiffs were threatened with quasi-judicial disciplinary legal process."  Docket No. 116 at 3, ¶¶ 7-8 (quoting *United States v. Kalu*, 791 F.3d 1194, 1211 (10th Cir. 2015)).  The Court did not rule that only physical harm was cognizable; the Court ruled that a loss of privileges cannot constitute coercion.  Docket No. 109 at 13.  Fletcher's motion does not address this point.  *See generally* Docket No. 116.  Thus, Fletcher does not show any error or misapprehension of an argument by the Court.

Next, Fletcher argues that the Court erred in ruling that "plaintiffs cannot establish a violation of their rights that is cognizable under federal law."  *Id.* at 3, ¶ 10 (quoting Docket No. 109 at 9).  Fletcher argues that plaintiffs "only need to allege" that defendants "knowingly provide[] or obtain[] the labor or services of a person [ . . .] by means of [. . .] threats of serious harm to that person."  *Id.* at 4, ¶ 13 (quoting 18 U.S.C. § 1589(a)(2)).  In its order, the Court ruled that § 1589 prohibits violations of the federal Thirteenth Amendment and that plaintiffs had not shown any violation of the Thirteenth Amendment.  Docket No. 109 at 7-8.  Additionally, the Court ruled that any violation of Colorado's constitution is not a cognizable harm under § 1589.  *Id.*  Fletcher attempts to reargue his claim that plaintiffs faced a harm cognizable under federal law without pointing to any misapprehension by the Court as to why a perceived violation of the Colorado constitution is cognizable as a violation of plaintiff's federal rights under § 1589.  Docket No. 116 at 4-5.

"Rule 60(b) is not intended to be a substitute for a direct appeal." *Cashner*, 98 F.3d at 576. Fletcher provides no basis for the extraordinary relief that Rule 60(b)(6) provides, and the Court will deny his motion.

## IV. CONCLUSION

It is therefore

**ORDERED** that Plaintiffs' Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(6) [Docket No. 116] is **DENIED**.

DATED December 30, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

6